**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION**

| | |
|---|---|
| Ashley Dubois, *on her own behalf and on behalf of all others similarly situated as to the Class Action Allegations*,<br><br>*Plaintiff*,<br><br>v.<br><br>GuarantR, Inc. d/b/a TheGuarantors,<br><br>*Defendant*. | Civil Action No.: |

**DEFENDANT GUARANTR, INC.'S NOTICE OF REMOVAL**

Defendant GuarantR, Inc., d/b/a TheGuarantors ("TheGuarantors"), by and through its attorneys, hereby removes this action captioned *Ashley Dubois v. GuarantR, Inc.*, Case No. C-24-CV-26-003943 (the "Action"), from the Circuit Court for Maryland for Baltimore City to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1441(a). Removal is proper under two independent grounds. First, this Court has original subject matter jurisdiction of the Action under 28 U.S.C. § 1331 because Plaintiffs assert a claim under federal law, Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, *id.* ¶¶ 61-74, and this Court should appropriately exercise supplemental jurisdiction under the other state claims under 28 U.S.C. § 1367. Second, this Court has jurisdiction of the Action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). Venue is proper under 28 U.S.C. §§ 100(1) and 1441(a) because the Circuit Court of Maryland for Baltimore City, where the Action was filed, is coextensive with the District of Maryland, Northern Division. This Notice of Removal complies with 28 U.S.C. § 1446.

## NATURE OF THE ACTION

1. On May 29, 2026, Plaintiff Ashley Dubois ("Plaintiff") commenced the Action by filing a Class Action Complaint in the Circuit Court for Maryland for Baltimore City (the "Complaint"). The Complaint was served on July 6, 2026. A true and correct copy of the Complaint served on TheGuarantors is attached hereto as Exhibit 1.

2. TheGuarantors is a Delaware corporation, headquartered in New York, that offers surety bonds to guarantee tenants' lease and security deposit obligations to landlords in order to help tenants qualify to rent properties they may not otherwise be able to. Compl. ¶¶ 3, 35. Plaintiff alleges that she is a resident of Baltimore City who obtained a surety bond from TheGuarantors in connection with her lease of 2306 Whittier Ave., Baltimore, MD 21217 (the "Apartment") from ABLe Property Management LLC ("ABLe"). *Id.* ¶¶ 2, 6, 9.

3. Plaintiff allegedly defaulted on her Apartment's lease with ABLe, which, according to Plaintiff, eventually resulted in ABLe's submission of a claim to TheGuarantors, and TheGuarantors' resulting claim payment of $7,670.76 to ABLe under the surety bond. *Id.* ¶¶ 25-26.

4. Pursuant to the terms of the surety bond, Plaintiff alleges that TheGuarantors sought to collect the amounts paid under the bond as a result of Plaintiff's default on her lease. *Id.* ¶¶ 26-27, 30. Plaintiff further alleges that TheGuarantors "sent the claim [i.e., the $7,670.76] to a credit reporting agency prior to obtaining a judgment for the claim against [Plaintiff]." *Id.* ¶ 30.

5. Plaintiff attempts to assert four causes of action against TheGuarantors, including for: (1) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, *id.* ¶¶ 61-74; (2) violation of Maryland's Security Deposit Statute, Md. Code Ann., Real Prop. § 8-203, *id.* ¶¶ 75-81; (3) violation of Maryland's Consumer Debt Collection Act, Md.

Code Ann., Com. Law §§ 14-201 *et seq.*, *id.* ¶¶ 82-90; and (4) declaratory and injunctive relief. *Id.* ¶¶ 91-97. Plaintiff seeks damages from the "payment of premiums to Defendant," *id.* ¶¶ 74, 81, 90, including treble damages and attorneys' fees. *Id.* at 17-18. Plaintiff also seeks an order enjoining TheGuarantors from "attempting to collect and/or collecting amounts claimed under surety bonds," *id.* ¶ 96, or alternatively, a declaration that TheGuarantors "is not entitled to the assistance of any Maryland court to enforce improper or illegal fees or to send any claims to a credit reporting agency." *Id.* ¶ 97.

6. Plaintiff seeks to certify three proposed classes, including:

a. **Maximum Security Deposit Class:** All persons from May 29, 2022, to the present, who purchased a surety bond from Defendant The Guarantors in any state that limits the amount of a security deposit for a residential lease and for which the bond amount exceeded the statutory maximum.

b. **Prohibited Surety Bond Class:** All persons from May 29, 2022, to the present, who purchased a surety bond from Defendant The Guarantors in any state that prohibits a landlord from requiring a tenant to purchase a surety bond.

c. **Maryland Tenant Class:** All persons from May 29, 2023, to the present, who purchased a surety bond from Defendant The Guarantors in Maryland for which the bond amount exceeded the statutory maximum, and/or for whom Defendant failed to provide the mandatory disclosures, and/or for whom Defendant made claims against in violation of Maryland law.

*Id.* ¶ 48.

**THIS COURT HAS ORIGINAL FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331 and 28 U.S.C. § 1367**

7. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331, where "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*

8. Plaintiff brings a federal cause of action against TheGuarantors under the laws of the United States, namely the RICO Act, 18 U.S.C. § 1961 *et seq.* Compl. ¶¶ 61-74; *see also Becker v. Noe*, Civ. Action No. ELH-18-00931, 2019 WL 1415483, at *1 (D. Md. Mar. 27, 2019)

(recognizing that this Court has original jurisdiction over claims brought under the RICO Act). Accordingly, this Court has original jurisdiction over Plaintiff's RICO Act claim.

9. Moreover, this Court should appropriately exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' remaining state law claims. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.*

10. To satisfy the "same case or controversy" requirement, the supplemental claims need only "derive from a common nucleus of operative fact" with the claims supporting original jurisdiction. *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 539-40 (2002) (citations omitted). Claims meet this threshold if they "revolve around a central fact pattern." *White v. Cnty. of Newberry*, 985 F.2d 168, 172 (4th Cir. 1993) (affirming district court's grant of supplemental jurisdiction over state claim related to the federal claim); *see, e.g.*, *Goff v. Caliber Home Loans, Inc.*, Civ. Action No. ELH-20-2038, 2020 WL 6204299, at *12 (D. Md. Oct. 21, 2020) ("[T]he MCDCA Class claim (Count I) and the Usury Class claim (Count II) arise from the same nucleus of operative facts. Both counts concern Caliber's alleged collection of so-called convenience fees in conjunction with mortgage payments.... I discern no reason to require Caliber to defend in State court against one class claim concerning convenience fees, while defending in federal court against another class claim concerning the same underlying factual allegations and founded on State law.").

11. Such is the case here. Plaintiff's RICO and state claims derive from the same common factual allegations that, according to Plaintiff, TheGuarantors sold surety bonds in

violation of state law and improperly collected payments from putative class members. *Compare, e.g.*, Compl. ¶¶ 67, 71-73 (RICO claim alleging TheGuarantors sells surety bonds in violation of state law and "received income derived from this pattern of racketeering activity in the form of overpayments by Class Members"), *with id.* ¶¶ 76-81 (alleging violations of the Real Property Article of Maryland whereby "Named Plaintiff … suffered actual damages in the payment of premiums to [TheGuarantors]"), *id.* ¶ 87 (Maryland Consumer Debt Collection Act claim alleging TheGuarantors made a "false representation that the amount of the surety bond was legal, when the amount was in excess of the statutory cap."). In fact, an alleged predicate violation for the RICO claim rests on state law claims, as according to Plaintiff, TheGuarantor's "insurance products … exceeded the [Maryland] statutory caps." *Id.* ¶ 67. As evident from the face of the Complaint, the RICO and state claims are fundamentally intertwined. Moreover, Plaintiff alleges that each of her claims "are based on and arise out of similar facts constituting the wrongful conduct of Defendant." *Id.* ¶ 57. Therefore, each of Plaintiff's claims asserted under Maryland law arise out of the same nucleus of operative fact as her RICO Act claim, which this Court has original jurisdiction over.

12. This Court accordingly has supplemental jurisdiction over Plaintiff's claims arising under state law, and the Action is properly within this Court's original jurisdiction.

**THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA**

13. This Court also has jurisdiction over this Action under CAFA pursuant to 28 U.S.C. §§ 1441(a) and 1453. Under CAFA, a district court shall have original jurisdiction over any class action in which: (1) the number of members of the proposed class is not less than one hundred, in the aggregate; (2) "[a]ny member of a class of plaintiffs is a citizen of a State different from any

defendant," and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d).

14. The Complaint is removable pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453 and CAFA because: (1) this case is a putative class action with more than 100 members in one or more of the proposed classes; (2) there is minimal diversity, since TheGuarantors and at least one member in one or more of the proposed classes are citizens of different states; and (3) the amount in controversy, considering all damages and equitable relief sought on behalf of the Plaintiff and the proposed class, is in excess of $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

15. CAFA's "provisions should be read broadly, with a ***strong preference*** that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added) (citation omitted). To satisfy CAFA, TheGuarantors need only provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" meeting the statute's jurisdictional requirements. *Dart Cherokee*, 574 U.S. at 89; *see also Norair Eng'g Corp. v. URS Fed. Servs., Inc.*, Civ. Action No. RDB-16-1440, 2016 WL 7228861, at *2 (D. Md. Dec. 14, 2016). A notice of removal "need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 84.[1]

16. As set forth below, all three CAFA jurisdictional requirements are met here.

**A. Each of the Proposed Classes Exceeds 100 Members.**

---

[1] In the event Plaintiff seeks to move to remand this Action to state court, TheGuarantors reserves all rights to provide additional evidence regarding the size of the multi-state putative classes and/or the amount in controversy. Plaintiffs' sweeping Complaint and its expansive putative classes implicate the company's business operations across multiple states, along with a lengthy set of four+ year putative class periods, and Plaintiff seeks wide-ranging monetary and injunctive relief that easily render CAFA's amount in controversy requirement satisfied.

17. Plaintiff alleges that each of the putative "Classes consist, ***at a minimum, of several hundred tenants***, and is thus so numerous that joinder of all members is clearly impracticable." Compl. ¶ 51 (emphasis added). Accordingly, this element is easily satisfied.

**B. Minimal Diversity of Citizenship Exists.**

18. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 388 (4th Cir. 2012) (quoting 28 U.S.C. § 1332(d)(2)(A)).

19. Here, Plaintiff alleges that she is a citizen of Baltimore City, Maryland and TheGuarantors is a corporation organized under Delaware law with a principal place of business in New York. Compl. ¶¶ 2, 3. Therefore, because a "member of the class is a citizen of a State different from the defendant," there is "minimal diversity" of the parties. *Scott v. Cricket Commc'ns, LLC*, Civ Action No. GLR-15-3330, 2018 WL 1583552, at *3 (D. Md. Mar. 30, 2018) (citing 28 U.S.C. § 1332(d)(2)(A)). This element is satisfied.

**C. The Alleged Amount in Controversy Exceeds $5 Million.**

20. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

21. As Plaintiff has not alleged a specific amount in controversy in her Complaint, TheGuarantors's "notice of removal need include only a plausible allegation that the amount in controversy" is met, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87, 89.

22. While TheGuarantors denies that it is liable to Plaintiff or the putative class action members for any amount, the total amount in controversy here is easily satisfied. Plaintiff seeks

to recover damages from the "payment of premiums to Defendant," Compl. ¶¶ 74, 81, 90, including treble damages. *Id.* at 17. Plaintiff further alleges that she purchased the surety bond for $2,435. *Id.* ¶ 11.

23. Based on the allegations in the Complaint and its Prayer for Relief, provided that Plaintiff alleges she could collect $2,435 in actual damages, which then must be trebled (all of which TheGuarantors disputes), Plaintiff's amount of damages at issue could exceed $7,305. If one adds an additional 30% to account for an award of attorneys' fees, *id.* at 18, the amount increases to $9,496.50. *See Gilman v. Wheat, First Sec., Inc.*, 896 F. Supp. 507, 510 (D. Md. 1995) ("Potential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold."); *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 684 (D. Md. 2013) (noting that "[a]ttorneys' fees awarded under the 'percentage of recovery' method are generally between twenty-five (25) percent and thirty (30) percent of the fund" (citation omitted)).

24. Accepting Plaintiff's allegations that her injury was "typical" of the other putative members of the large classes described by Plaintiff, Compl. ¶¶ 51, 57—there need only be 527 members in the putative class to satisfy the $5 million threshold. Given Plaintiff's allegations that ***each of the three putative classes*** will consist of "a minimum, of several hundred tenants," *id.* ¶ 51, it is more likely than not that the amount in controversy here will exceed $5,000,000.

25. Finally, Plaintiff seeks a wide range of declaratory and injunctive relief, including requesting TheGuarantors to "disgorge all fees in excess of those permissible under the law" and an injunction prohibiting it from "collecting amounts claimed under surety bonds" under the Real Property Article of Maryland law. *See id.* ¶¶ 93-97. All of this requested relief, too, further demonstrates that the amount in controversy requirement is satisfied.

26. Accordingly, TheGuarantors has met its lenient burden under *Dart Cherokee* to establish that CAFA jurisdiction is satisfied here.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

27. In accordance with 28 U.S.C. § 1446(a) and Local Rule 103.5(a), attached as Exhibits 2-3 are copies of all pleadings, process, orders, and other papers in the State Court Action received by TheGuarantors to date along with a copy of the current docket sheet in the Action. TheGuarantors will file within 30 days true and legible copies of all other documents then on file in the State Court Action together with the certification required by Local Rule 103.5(a).

28. This notice is properly filed in the United States District Court for the District of Maryland, Northern Division. The Circuit Court for Baltimore City, Maryland is located within the District of Maryland, Northern Division. 28 U.S.C. § 100(1). Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

29. This notice is timely because it is being filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *Eldridge v. Baltimore Cnty.*, Civ. Action No. ELH-25-3627, 2026 WL 1020630, at *8 (D. Md. Apr. 15, 2026) (explaining that "the thirty-day period [for filing a notice of removal] is triggered by formal receipt of the complaint through service of process" (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352-54 (1999))). Here, Plaintiff served TheGuarantors with the Complaint on July 6, 2026 and this notice is being filed within 30 days of that date. TheGuarantors has not responded to the Complaint in the Action.

30. Because TheGuarantors is the sole defendant in this action, no other defendant is required to consent to this removal.

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a Notice to Clerk of Removal, is being filed with the Circuit Court for Baltimore City, Maryland.

**RESERVATION OF RIGHTS**

32. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service, and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, that this case could ever properly be certified pursuant to the requirements of Rule 23, or that the plaintiff or putative class members are entitled to or otherwise may recover any of the amounts described above.

WHEREFORE, TheGuarantors requests that the Action be removed to this Court, and that the Court grant all further appropriate relief.

Dated: August 4, 2026

Respectfully submitted,

*/s/ A. Neill Thupari*

A. Neill Thupari (Bar No. 13065)
Jeffrey D. Neuman (Bar No. 31048)
DLA PIPER LLP (US)
650 South Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-3000
Fax: (410) 580-3001
neill.thupari@us.dlapiper.com
jeff.neuman@us.dlapiper.com

Connor Rowinski (*Pro Hac Vice* forthcoming)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
connor.rowinski@us.dlapiper.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed on the Court's CM/ECF system on August 4, 2026, which will send a notice of electronic filing to counsel of record.

*/s/ A. Neill Thupari*
A. Neill Thupari